UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JARON BLUE BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-cv-00119-LEW |
| | ) | |
| TRAVIS JOHN WILLEY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, seeks to assert a federal claim based upon constitutional violations that the defendants, who are employees of the Maine Department of Health and Human Services, allegedly committed in the context of state child protection proceedings. (Second Amended Complaint, ECF Nos. 11, 13.)[1] Plaintiff filed an application to proceed without prepayment of fees (ECF No. 4), which application the Court granted. (Order, ECF No. 5.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's second amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's second amended complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing,"

---

[1]On consecutive days, Plaintiff filed two amended complaints. I considered both filings collectively as Plaintiff's second amended complaint.

because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review of Plaintiff's second amended complaint, I recommend the Court dismiss the matter.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent

2

standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at \*2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### DISCUSSION

Plaintiff alleges that the defendants unlawfully seized his children and, through exaggerated allegations and false statements, sought and obtained a court order terminating his parental rights.

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), and discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

This Court previously observed that "multiple federal courts have acknowledged that federal cases seeking to challenge the termination of parental rights by state courts fall within the heartland of cases preempted by the *Rooker–Feldman* doctrine." *Miller v. Nichols*, 592 F. Supp. 2d 191, 195-96 (D. Me. 2009) (citing *Hoblock v. Albany County Bd.*

3

*of Elections,* 422 F.3d 77, 87 (2d Cir.2005) ("Suppose a state court . . . terminates a father's parental rights and orders the state to take custody of his son.  If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal.  This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments."); *Doe v. Mann,* 415 F.3d 1038, 1043 (9th Cir. 2005) (concluding that a challenge to the termination of parental rights fell "within the traditional boundaries of the *Rooker–Feldman* doctrine" while ultimately holding that there was jurisdiction based on a narrow exception for "child custody proceedings involving Indian children").

Through this action, Plaintiff challenges the state court proceeding that resulted in the termination of his parental rights.  In other words, Plaintiff seeks relief from the state court's order terminating his parental rights.  As with the claim asserted in *Miller*, Plaintiff's claim is precluded by the *Rooker-Feldman* doctrine.  Dismissal, therefore, is warranted.

Even if Plaintiff's claim was not barred by the *Rooker-Feldman* doctrine, dismissal is appropriate because Plaintiff's second amended complaint lacks sufficient facts to support an actionable claim.  For instance, Plaintiff alleges that "Defendants removed [his] children without a warrant and without exigent circumstances," that he was "denied a meaningful opportunity to be heard," and that "Defendants interfered with [his] fundamental right to family integrity," but has not alleged facts to support the allegations.  Plaintiff's conclusory assertions are insufficient to state an actionable claim.  *See Young v. Wells Fargo Bank,*

4

*N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard."). The Federal Rules of Civil Procedure "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

### CONCLUSION

After a review of Plaintiff's second amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, for the reasons explained above, I recommend the Court dismiss the matter.[2]

### **NOTICE**

Any objection to the Court's orders on Plaintiff's motions shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of April, 2026.

---

[2] Plaintiff recently filed several motions regarding his desire to obtain records regarding the state court proceedings and to preserve certain evidence. (Motions, ECF Nos. 8, 9, 14.) Because I recommend the dismissal of the matter, I deny the motions.