UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JARON BLUE BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:26-CV-00119-LEW |
| | ) | |
| TRAVIS JOHN WILLEY et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
AND IMPOSING FILING WARNING**

On April 17, 2026, the United States Magistrate Judge filed with the court, with a copy to the pro se Plaintiff, Jaron Blue Butler, his Recommended Decision (ECF No. 15) on Plaintiff's Second Amended Complaint filed against employees of the Maine Department of Health and Human Services, law enforcement officers, district attorneys, and others.  Plaintiff filed an untimely, initial Objection on May 6, 2026, then filed a late emergency motion for an extension to object along with a supplemental Objection on May 12, 2026.  I have reviewed and considered the Recommended Decision and the Objections (ECF Nos. 19 & 23), together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision.  In fact, Plaintiff's proposed civil action arising out of the seizure of his children and the termination of his parental rights and responsibilities is foreclosed by the *Rooker-Feldman* doctrine.  Relief from the consequences of those state court proceedings, including relief based on challenges to the procedural and evidentiary underpinnings to those proceedings, is available, if at all, through the appeals process, not through this effort to collaterally attack a state court judgment in the United States District Court.  Accordingly, the Recommended

Decision is AFFIRMED AND ADOPTED on the matter of the seizure of the children, the subsequent conduct of Department of Health and Human Services personnel, and state court proceedings associated with Plaintiff's parental rights and responsibilities.

Since April 17, 2026, the date the Recommended Decision was posted on the docket, Plaintiff has made twelve additional filings—six of which are miscellaneous motions. Among these are motions requesting leave to amend the pleadings. Plaintiff's request to amend his pleadings to introduce new allegations concerning the removal of his children from the home and subsequent parental rights proceedings is denied because the proposed amendments would not overcome the obstacle presented by the *Rooker-Feldman* bar. Contrary to Plaintiff's supposition, claims alleging falsehoods and fabrications on the part of Department of Health and Human Services personnel challenge the legality of the state court order that relieved Plaintiff of his parental rights and responsibilities.

Plaintiff's motions also include a request for leave to amend the pleadings to state more particularized facts about the circumstances of an automobile stop on February 16, 2024. According to the filings, Defendant Travis John Willey conducted the stop and arrested Plaintiff without probable cause. (*See* ECF Nos. 25, 26.) That request is granted. Plaintiff may submit an amended complaint that describes the circumstances of the alleged roadside arrest. Following the Court's review of the proposed amended complaint, if the allegations state a plausible Fourth Amendment claim the amended complaint will be served on Mr. Willey by the U.S. Marshal Service and the case will proceed from there.

As for Plaintiff's requests about the limitations on paper copies at the Maine State Prison, the delay associated with prison mail, and so forth (see ECF No. 28), the Court denies the Motion. Plaintiff does not need copies to serve every named Defendant because the Court would see to the

service of the Defendants if Plaintiff stated a viable claim against them.  The delays of which Plaintiff complains have not denied him meaningful access to the Court.

CONCLUSION

The Recommended Decision (ECF No. 15) of the Magistrate Judge is hereby **AFFIRMED AND ADOPTED.**  Plaintiff's Amended Complaint is DISMISSED.  Plaintiff's Motions for legal copies and access-to-court rulings by this Court (ECF Nos. 12 and 28) are DENIED.  There is no apparent denial of meaningful access to this Court.  Plaintiff's Emergency Motion for Extension of Time to File Objection (ECF No. 20) is GRANTED.  Plaintiff's Motions for Leave to Amend (ECF Nos. 22 & 29) are GRANTED IN PART AND DENIED IN PART.  Plaintiff has 60 days from the date of this Order to file an amended pleading concerning the circumstances of his alleged arrest on February 16, 2024, and his proposed amended complaint will be subject to screening. Leave to amend is denied in relation to the seizure of Plaintiff's children from the home and the ensuing child custody matters because Plaintiff's filings to date do not suggest the possibility of a plausible claim for relief against any of the named defendants.  Plaintiff's Motion for Leave to Conduct Discovery (ECF No. 25) is DENIED.  If a pleading is introduced that states a viable claim, the Court will arrange for service and discovery may be authorized after the Defendant answers the pleadings.  Plaintiff's Motion to Supplement Record / Motion to Recognize Lack of Probable Cause (ECF No. 26) is DENIED AS MOOT.  Plaintiff may include any related allegations in his proposed amended complaint involving the circumstances of his alleged arrest.

**SO ORDERED.**

Dated this 7th day of July, 2026.

/s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE

3